IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL MAGNAN,

        Plaintiff,        No. CIV S-03-1099 GEB KJM P

  vs.

DAVID L. RUNNELS, et al.,        ORDER AND

        Defendant.        FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding with an action for violation of civil rights under 42 U.S.C. § 1983.  On September 18, 2007, the Clerk of the Court entered default under Rule 55(a) of the Federal Rules of Civil Procedure as to defendant Knight.  Defendant Knight filed a motion to set aside entry of default on February 8, 2008.  A hearing was held with respect to the motion on March 12, 2008.  Carrie Frederickson appeared for the defendants.[1]  Upon reviewing the documents in support and opposition, hearing the argument of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS, confirming its intention as announced from the bench:

/////

---

[1] The court was unable to reach plaintiff's counsel Catherine Campbell telephonically.

1

1	Under Federal Rule of Civil Procedure 55(c), the court may set aside the entry of
2	default for good cause.  In TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th
3	Cir. 2001), the Ninth Circuit identified three factors courts should consider when deciding
4	whether to set aside entry of default:  (1) whether the defendant's culpable conduct led to the
5	default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside
6	default would prejudice the plaintiff.

7	With regard to the first factor, actual or constructive notice alone will not create
8	the requisite "culpability;" instead, the party moving to set aside the entry of default must also
9	intentionally fail to answer.  Id. at 697 (citing Alan Neuman Productions v. Albright, 862 F.2d
10	1388, 1392 (9th Cir. 1988)).  "Intentionally," in this context, means that the party in default did
11	not respond because of deviousness or willfulness; that is, the party defaulted in an effort to
12	hinder the judicial proceedings.  Knoebber, 244 F.3d at 697.

13	Defendant Knight contends she did not submit a timely response to plaintiff's
14	third amended complaint because she believed her response to an investigation by a nursing
15	board "regarding the incident at issue here was also a response to the Third Amended
16	Complaint."  Voros[2] Decl. ¶ 5.  Six months after sending her response to the nursing board,
17	defendant Knight received a notification that the board had cleared her of any wrongdoing.  Id.
18	Defendant Knight took this notice to mean that this matter had also been closed.  Id.  Defendant
19	Knight also points out that she was not represented by counsel when she received plaintiff's third
20	amended complaint implying that, because of this, she was not clear as to the course of action
21	required, if any.  Id. ¶¶ 8, 10.

22	The combination of these facts, especially when taking into consideration the
23	long-standing principle that default judgments are disfavored, Knoebber, 244 F.3d at 693,
24	supports an inference that defendant Knight's failure to respond was not in bad faith or

---

[2] Defendant Knight recently married.

"intentional" as that word is defined in this context.

Defendant has raised sufficient facts in her declaration in support of her motion to set aside default to support a defense to the claims asserted in plaintiff's third amended complaint. In particular, she presents facts suggesting she was not deliberately indifferent to plaintiff's alleged need for medical treatment as plaintiff alleges in his third amended complaint. Voros Decl. ¶¶ 2, 9.

Finally, plaintiff will not be prejudiced by setting aside the entry of default because his "ability to pursue his claim" will not be hindered. Knoebber, 244 F.3d at 701. Plaintiff argues:

> This matter has been delayed numerous times, and it is now almost six years since the incident . . . Defendant Voros/Knight was served . . . 16 months ago. Within the last two months, defense counsel has conflicted out of the case and a new set of attorneys is substituting in who will have to begin this case anew. These delays will undoubtedly mean witnesses and other sources of evidence have been lost to plaintiff.

Opp'n at 7:14-19. However, "to be prejudicial the setting aside of [the entry of default] must result in greater harm than simply delaying resolution of the case." Knoebber, 244 F.3d at 701. Plaintiff's generalized allegation that the delays will undoubtedly mean loss of evidence is insufficient as well. See Bateman v. U. S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) (referencing Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1280 (5th Cir. 1985) ("Mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of motion for relief from judgment for mistake, surprise, or excusable neglect.")).

In light of the foregoing, good cause exists for setting aside default as to defendant Knight. Therefore, the court will recommend defendant Knight's motion to set aside the clerk's entry of default be granted.

The court notes that defendant Knight filed a request for judicial notice with her motion to set aside default. Because the court need not grant the request to decide defendant

Knight's motion to set aside default, the request will be denied as unnecessary.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's February 8, 2008 request for judicial notice is denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Knight's motion to set aside the clerk's entry of default (#76) be granted; and

2. The Clerk of the Court's September 18, 2007 entry of default as to defendant Knight be vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2008.

_____
U.S. MAGISTRATE JUDGE

1/abs
magn1099.def