IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL P MAGNAN,

        Plaintiff,                    No. 2:03-cv-1099-GEB-JFM (PC)

   vs.

DAVID RUNNELS, et al.,

        Defendants.             <u>ORDER</u>

       Plaintiff is a former state prisoner proceeding through counsel with an action under 42 U.S.C. § 1983. This case has been referred to the undersigned to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814, in Suite 16-400, on April 7, 2011 at 1:30 p.m.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1. This case is set for a settlement conference before Magistrate Judge John F. Moulds on April 7, 2011, at 1:30 p.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Suite 16-400.

       2. Counsel for each party shall appear with full authority to negotiate and enter

1

into a binding settlement.[1]  If plaintiff is unable to attend in person due to hardship, he shall be available by telephone during the entire settlement conference.

   3. The parties are to provide confidential settlement conference statements to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via email at spark@caed.uscourts.gov, so they arrive no later than March 28, 2011.

   4. Those in attendance shall be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In that event the conference will not proceed and will be reset to another date.

DATED: January 20, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).